# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE BENDOLPH, | * |
| (# 146660) | * |
|     Petitioner | * |
| | * |
| vs. | *   CIVIL ACTION NO.13-00471-CG-B |
| | * |
| JAMES REYNOLDS, | * |
|     Respondent. | * |

## Report and Recommendation

Jimmie Bendolph, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Bendolph's petition and Respondent's answer, the undersigned finds that Bendolph's petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is recommended that Bendolph's habeas petition be dismissed as time-barred, that judgment be entered in favor of Respondent and against Petitioner, Jimmy

Bendolph, pursuant to 28 U.S.C. § 2244(d), and that Bendolph is not entitled to the issuance of a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

I.  **Discussion**

On August 24, 2010, Bendolph was convicted of unlawful distribution of a controlled substance in Mobile County Circuit Court, and on September 30, 2010, he was sentenced to three (3) terms of imprisonment to be served concurrently. (Doc. 7, 1). On direct appeal to the Alabama Court of Criminal Appeals, Bendolph challenged the trial court's denial of his Batson motion. (Doc. 7-1). On October 28, 2011, in a memorandum opinion, the Alabama Court of Criminal Appeals affirmed Bendolph's convictions and upheld the trial court's ruling. (Doc. 7-3). The Alabama Supreme Court denied McCoy's petition for writ of certiorari, and a certificate of judgment was issued on January 13, 2012. (Doc. 7-5). On May 27, 2012, Bendolph's petition for writ of mandamus requesting a ruling on a motion to proceed *in forma pauperis* to permit him to continue his postconviction relief without prepayment of fees was denied by the Alabama Court of Criminal Appeals. (Doc. 7-6).

On September 19, 2013[1], Bendolph filed the instant habeas

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison

petition challenging his conviction and sentence. (Doc. 1, at 13, 18). Specifically, Bendolph claims that the trial court lacked subject matter jurisdiction to render verdict against him and his fifth and fourteenth amendment rights were violated. (Doc. 1 at 16). In addition, Bendolph contends that Alabama is a "pretend[] government". (Id.). In its response, the State argues that Bendolph's petition should be dismissed as untimely because it was filed outside of the statute of limitations. (Doc. 7 at 2). The undersigned agrees.

## II. Analysis

### A. Untimely Filed

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." [2] The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

---

officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003). Since Bendolph filed this petition on September 19, 2013, this action is governed by AEDPA.

3

> State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Bendolph has not alleged that the government impeded the filing of his 2254 motion or that a retroactive new constitutional right exists in his case. Accordingly, the Court will calculate the timeliness of his petition from the date Bendolph's conviction became final.

As noted *supra*, following Bendolph's direct appeal of his conviction and sentence, the Alabama Supreme Court denied his petition for writ of certiorari, and a certificate of judgment was issued on January 13, 2012. (Doc. 7-6). Bendolph's conviction became final on April 12, 2012, which represents the ninety-day period during which he could have petitioned the United States Supreme Court for a writ of certiorari. <u>Wade v. Battle</u>, 379 F.3d 1254 (11th Cir. 2004). Thus, the one-year statute of limitations period within which he could seek habeas relief began to run on April 12, 2012 and expired on April 12, 2013. As noted, Bendolph's habeas corpus petition was not filed with this Court until September 19, 2013, which is more than five months after the expiration of the one-year limitations period in violation 28 U.S.C § 2444(d).

**B. Extraordinary Circumstances**

Before recommending dismissal of Bendolph's petition for habeas relief as untimely, the undersigned must determine whether Bendolph has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Bendolph can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of

5

> extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, as a general rule, "the 'extraordinary circumstances' standard applied in [the Eleventh] [C]ircuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Drew, 297 F.3d at 1286-87.

The facts presented by Bendolph do not evidence extraordinary circumstances beyond his control which made it

6

impossible for him to file the instant petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas corpus relief in a timely manner. In support of equitable tolling, Bendolph argues that the "state court decision was contrary to clearly established federal law and it also involved an unreasonable application of federal law both determined by the supreme court of the United States." (Doc. 1 at 12). This statement addresses the merits of Bendolph's claim and does not provide sufficient basis upon which to conclude that Bendolph is entitled to equitable tolling. Therefore, equitable tolling is inapplicable to the present case and does not save the untimely filing of Bendolph's habeas petition.

Bendolph's judgment became final on April 12, 2012. Bendolph does not illustrate any extraordinary circumstances, which restricted his ability to file this petition by April 12, 2013. In fact, the Court finds no evidence that indicates unavoidable circumstances beyond Bendolph's control that made it impossible for him to file this action within AEDPA's time limit. Accordingly, Bendolph's petition is untimely.

### III. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of

appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA

8

under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Bendolph's petition does not warrant the issuance of a certificate of appealability as his claims are clearly time-barred, because he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned

recommends that the Court conclude that no reasonable jurist could find it debatable whether Bendolph's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**IV. Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Bendolph's petition for habeas corpus be dismissed with prejudice as time-barred and that judgment be entered in favor of the Respondent, James Reynolds, and against the Petitioner, Jimmie Bendolph. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **March, 2014.**

                                              **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**